UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIO CAMPBELL (#201440409114) ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2015-CV-09351 |
| v. ) | |
| ) | Honorable Andrea R. Wood |
| MARIO A. SMITH, et al., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |
| ) | |

## THIRD AMENDED COMPLAINT

Plaintiff DEMETRIO CAMPBELL, for his Third Amended Complaint against Defendants MARIO A. SMITH, PHILLIP M. JOHNSON, RICARDO FRAUSTO, ROBERT REYES, ALAN TOMLINSON, JUDY CHAPAN, LARRY SUMNER, CRAIG TULEY, JAVONNIE ROYSTER and JOE WEISINGER, alleges as follows:

### Introduction

1. This action is brought under Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, to redress the deprivation, under color of law, of Mr. Campbell's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has original jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred in this judicial district.

### Parties

3. Plaintiff DEMETRIO CAMPBELL is, and was at all times relevant to this Third Amended Complaint, a citizen of the United States and a resident of the State of Illinois. Mr.

Campbell therefore enjoyed the rights and privileges enumerated under the Constitution of the United States. Mr. Campbell is currently incarcerated at the Cook County Jail at 2834 W. 31st Street, Chicago, Illinois 60608 awaiting trial, and has been since April 9, 2014.

  4. Defendant MARIO A. SMITH was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police detective and was acting in such capacity ("Detective Smith").

  5. Defendant PHILLIP M. JOHNSON III was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police officer and was acting in such capacity ("Officer Johnson").

  6. Defendant RICARDO FRAUSTO was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police officer and was acting in such capacity ("Officer Frausto").

  7. Defendant ROBERT REYES was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police officer and was acting in such capacity ("Officer Reyes").

  8. Defendant ALAN TOMLINSON was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police officer and was acting in such capacity ("Officer Tomlinson").

  9. Defendant JUDY CHAPAN was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police officer and was acting in such capacity ("Officer Chapan").

10. Defendant LARRY SUMNER was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police officer and was acting in such capacity ("Officer Sumner").

11. Defendant CRAIG TULEY was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police officer and was acting in such capacity ("Officer Tuley").

12. Defendant JAVONNIE ROYSTER was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police officer and was acting in such capacity ("Officer Royster").

13. Defendant JOE WEISINGER was, at all times relevant to this action, employed by the Village of Calumet Park Police Department as a police officer and was acting in such capacity ("Officer Weisinger").

## Background

14. Mr. Campbell has been diagnosed with, and suffers from, from bipolar disorder. Mr. Campbell has taken medication during his life to treat this condition.

15. On April 6, 2014, at approximately 12:30 in the afternoon, Mr. Campbell was approached on the street by Officer Frausto, Officer Tuley, Officer Royster and Officer Weisinger (collectively, "Arresting Officers"). Mr. Campbell was handcuffed and taken into custody by the Arresting Officers, even though Mr. Campbell was not committing a crime at the time.

16. The Arresting Officers did not inform Mr. Campbell of their alleged reason for arresting him.

17. The Arresting Officers took Mr. Campbell to a house in Calumet Park where an alleged crime had previously occurred. Detective Smith and Officer Johnson were present at the Calumet Park house. The Arresting Officers told Mr. Campbell that he was being brought to the house for identification in connection with the crime. However, Mr. Campbell was never identified by the alleged victim.

18. Thereafter on April 6, 2014, Mr. Campbell was taken by Detective Smith, Officer Johnson and the Arresting Officers to the Calumet Park Police Station. Mr. Campbell remained in lock up at the Calumet Park Police Station from April 6, 2014 through April 9, 2014.

19. While detained in lock up at the Calumet Park Police Station, Mr. Campbell was under the custody, control and care of Detective Smith, Officer Johnson, Officer Frausto, Officer Reyes, Officer Tomlinson, Officer Chapan and Officer Sumner (collectively, the "Custody Officers").

20. While detained in lock up at the Calumet Park Police Station and under the custody, control and care of the Custody Officers, Mr. Campbell repeatedly requested necessary medical care for his bipolar disorder, including requesting his bipolar medication and requesting to see a doctor.

21. The Custody Officers denied, ignored and/or failed to timely respond to Mr. Campbell's requests for medical attention.

22. The Calumet Park Police Department Lock Up Policy states that "[a]ny arrestee who . . . has a mental condition . . . shall be electronically monitored, using video and audio equipment" until that prisoner can be transferred to the County jail or a proper medical facility.

23. While detained at the Calumet Park Police Station and under the custody, control and care of the Custody Officers, Mr. Campbell was not electronically monitored as required by the Calumet Park Police Department Lock Up Policy.

24. Because the Custody Officers denied, ignored and/or failed to timely respond to Mr. Campbell's requests for medical attention, and because Mr. Campbell was not electronically monitored as required, the condition of Mr. Campbell's mental health progressively deteriorated during his detainment at the Calumet Park Police Station.

25. On April 7, 2014, due to his deteriorated and dangerous mental health status, Mr. Campbell was transported to MetroSouth Medical Center, where Mr. Campbell was seen by a doctor and administered his necessary bipolar medication. On information and belief, the doctor prescribed Mr. Campbell a 30-day supply of his bipolar medication.

26. The Calumet Park Police Department Lock Up Policy further provides that "[a]ll medications prescribed to the prisoner by a physician is [sic] to be administered as prescribed. The Shift Supervisor or their designee shall be certain that the prisoner actually takes the medication and shall properly log the taking of the medication on the prisoner's lock up card located in the Radio Room."

27. On information and belief, despite Mr. Campbell receiving a prescription for his bipolar medication from the doctor on April 7, 2014, the medication was not administered as prescribed to Mr. Campbell once he returned to lock up at the Calumet Park Police Station.

28. Accordingly, on April 8, 2014, due to his again deteriorating and dangerous mental health status, Mr. Campbell was transported once again to MetroSouth Medical Center and seen by a doctor.

29. On April 9, 2014, Mr. Campbell was taken to the Blue Island Police Department, where Mr. Campbell was charged with several criminal offenses. Mr. Campbell maintains his innocence to the alleged criminal offenses and awaits trial on said charges.

### COUNT I – 42 U.S.C. § 1983: Objectively Unreasonable Treatment
### Against the Custody Officers

30. Mr. Campbell incorporates by reference and re-alleges paragraphs 1 through 29 above as paragraph 30 of Count I.

31. The Custody Officers failed to timely provide Mr. Campbell with the necessary medical care he requested, failed to electronically monitor Mr. Campbell as required, and failed to administer Mr. Campbell's prescription medication to him as prescribed.

32. The Custody Officers' failure to provide this timely medical care was objectively unreasonable.

33. As a result of the unjustified and unconstitutional acts and omissions of the Custody Officers, Mr. Campbell suffered damages, including pain and injury and emotional distress.

34. In this manner, the conduct of the Custody Officers violated the Fourth Amendment to the United States Constitution.

35. The acts and omissions of the Custody Officers proximately caused the injuries suffered by Plaintiff.

### COUNT II – 42 U.S.C. § 1983: False Arrest
### Against the Arresting Officers

36. Mr. Campbell incorporates by reference and re-alleges paragraphs 1 through 35 above as paragraph 36 of Count II

37. When the Arresting Officers arrested Mr. Campbell, the Arresting Officers knew that Mr. Campbell was not committing a crime, and that Mr. Campbell had not committed the crimes at the house in Calumet Park, and therefore the Arresting Officers had no probable cause to arrest Mr. Campbell.

38. By nonetheless arresting Mr. Campbell, the Arresting Officers acted, under color of law, in bad faith and with malice.

39. As a result of the Arresting Officers' conduct, Mr. Campbell was and has been restrained against his will and without legal justification, and has been deprived of his rights.

### Prayer for Relief

WHEREFORE, Plaintiff DEMETRIO CAMPBELL respectfully request that this Court enter judgment in his favor and against Defendants, granting Plaintiff:

a. Compensatory damages for actual damages suffered as a result of the Custody Officers and Arresting Officers' violations of and disregard for Plaintiff's rights;

b. Pre-judgment interest, and costs of this action, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988;

c. Punitive damages against each of the Custody Officers and Arresting Officers; and

d. Such other relief as this Court deems just and proper.

Respectfully submitted,

*s/ Adam C. Decker*
Mark D. Belongia (#6269391)
Adam C. Decker (#6315299)
THOMPSON COBURN LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603
Telephone: 312-346-7500

- 8 -

mbelongia@thompsoncoburn.com
adecker@thompsoncoburn.com

*Attorneys for Demetrio Campbell*